UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-07415-JLS-JC                                         Date: September 05, 2024
Title: Jerome Christensen et al v. Elutia Inc., et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Lynnie Fahey                                                             N/A
Deputy Clerk                                                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

       Not Present                                                             Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiffs filed this action on August 30, 2024, asserting claims for negligence, strict products liability, breach of implied warranty of merchantability, and loss of consortium.  (*See* Compl., Doc 1.)  Plaintiffs invoke the Court's diversity jurisdiction under 18 U.S.C. § 1332.  (*Id.* at 5.)

     A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  To invoke federal jurisdiction, the "plaintiff must affirmatively allege [the] essential elements of diversity jurisdiction." *Mann v. City of Tustin*, 782 F.2d 790, 794 (9th Cir. 1986).

     Here, Plaintiffs allege that they "have been and are residents of the State of California, residing in Santa Maria California."  (*Compl.* at 2.) The diversity jurisdiction statute, however, speaks of citizenship, not residency.  28 U.S.C. § 1332(a); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Thus, Plaintiffs have not adequately alleged their citizenship.

     The Court's exercise of diversity jurisdiction is strictly construed, *see Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)), and the Court is "obliged to inquire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-07415-JLS-JC | Date: September 05, 2024 |
| Title: Jerome Christensen et al v. Elutia Inc., et al | |

*sua sponte* whenever a doubt arises as to [its] existence …" *Mt. Healthy City Sch. Dist. Bd. Of Educ. V. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).

    Accordingly, Plaintiffs are ORDERED to show cause, in writing (no longer than five (5) pages), **within seven (7) days of the date of this Order**, why the Court should not dismiss this action for lack of subject matter jurisdiction. Failure to timely respond will result in the immediate dismissal of the case.

    Initials of Preparer:  lfa